# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| CINDY LOU STOTTLEMIRE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:16-cv-90 |
| | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's March 12, 2018 Report and Recommendation, dkt. no. 19, to which Plaintiff filed Objections, dkt. no. 20. In her Objections, Plaintiff contends the Administrative Law Judge's ("ALJ") unexplained hearing comments constitute reversible error and that the Magistrate Judge's recommendations regarding those comments should be rejected. Id. Plaintiff's Objections offer little more than a more detailed iteration of the contentions she originally presented to the Court.

Plaintiff contends that, because "there has been no new evidence since Plaintiff turned age 55," the ALJ "could not have discovered some new evidence revealing less limitations after

age 55." Id. at p. 2. This argument confuses the issue. The question for this Court on review of the Commissioner's decision is whether "substantial evidence" from the "entire record" supports the ALJ's factual findings, Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991), not whether the ALJ has new evidence of an applicant's limitations as she advances into a different age designation under the Medical Vocational Guidelines.

As the Magistrate Judge correctly found, the ALJ's residual functional capacity ("RFC") and disability determinations were supported by "substantial evidence," specifically Dr. Langston Cleveland's April 2014 physical examination and Dr. John Whitley's May 2013 psychological evaluation. Dkt. No. 19, pp. 10-15, 19; Dkt. No. 11-2, pp. 28-30. Moreover, Dr. Cleveland conducted his in-depth physical examination just months before Plaintiff's 55th birthday in November 2014. Dkt. No. 11-2, pp. 21, 28. By arguing her degenerative diseases caused more limitations after she turned 55, dkt. no. 20, p. 2, Plaintiff impermissibly asks this Court to reweigh the evidence considered by the ALJ, which it cannot do.[1] Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

---

[1] Plaintiff also erroneously contends the Magistrate Judge "considered Plaintiff to have less limitations prior to her turning age 55." Dkt. No. 20, p. 2. Plaintiff offers no citation attributing this claim to the Magistrate Judge. Contrary to Plaintiff's allegation, the Magistrate Judge found the ALJ's hearing comments to indicate

Second, Plaintiff contends that the Magistrate Judge's citations showing no reversible error arising from comments made by the ALJ at the hearing "are unrevealing" because those cases have distinguishable facts. While it is true that those cases can be distinguished on their facts, it is also true, and more importantly so, that those cases stand for the more general proposition that an ALJ's hearing comments do not constitute reversible error, even if they prove to be inconsistent with the ALJ's final decision or seem to assure a favorable outcome. Dkt. No. 19, pp. 20-22. Critically, Plaintiff offers no authority to the contrary.

Finally, Plaintiff argues the ALJ abused his discretion by inducing her to amend her alleged onset date yet still finding her not disabled. Dkt. No. 20, pp. 4-5. Plaintiff implies the ALJ failed to follow certain procedures but does not identify which specific procedures the ALJ violated. Although Plaintiff argues that the ALJ's medium level RFC determination lacked a "rational basis" and the "support of the record," the Magistrate Judge detailed and correctly found that the ALJ's RFC

---

Plaintiff had "different limitations prior to her turning 55," namely "light work" limitations. Dkt. No. 19, p. 20. The clear implication of the Magistrate Judge's statement, when viewed in context as it explained the ALJ's decision, is that the ALJ considered Plaintiff to have *more* limitations prior to her turning age 55, not *less*. Plaintiff may characterize this conclusion by the ALJ as "illogical," dkt. no. 20, p. 20, but that does not mean it lacked "substantial evidence."

determination rested on "substantial evidence," as found in the record. Dkt. No. 19, pp. 10-18. Plaintiff's displeasure with the ALJ's unexplained hearing statement is not unwarranted, but the lack of an explanation as to that hearing colloquy does not thereby render the ALJ's written decision unsupported or unfit for meaningful review. The Magistrate Judge found, and this Court's review confirms, that "substantial evidence" supports the ALJ's decision. Because the ALJ clearly and comprehensively explained the grounds for his decision, Plaintiff's enumeration of error is without merit.

Plaintiff's Objections underscore her dissatisfaction with the ALJ's determination that she is not disabled within the meaning of the Social Security Act, but this Court's review cannot disturb decisions which find substantial support in the evidence. Even if the evidence of record preponderates against the Commissioner's factual findings, the Court must still affirm so long as "substantial evidence" supports the decision. Dyer, 395 F.3d at 1210. As the Magistrate Judge correctly found, "substantial evidence" supports the ALJ's RFC and disability determinations, regardless of his unexplained hearing comments.

Therefore, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the Clerk of Court to enter the

appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this \_\_\_28\_\_\_ day of \_\_\_March\_\_\_, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA